**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 23-61065-CIV-SINGHAL

DONNA CROWE *et al.*, *individually and on*
*behalf of all others similarly situated*,

       Plaintiffs,

v.

MANAGED CARE OF NORTH AMERICA,
INC., d/b/a MCNA DENTAL, MCNA INSURANCE
COMPANY d/b/a MCNA DENTAL, and
HEALTHPLEX INC.,

       Defendants.

_____/

## DEFENDANTS' *UNOPPOSED* MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 5.4 of the Southern District of Florida and the Stipulated Protective Order and Qualified HIPAA Protective Order (D.E. 152) (the "Protective Order"), Defendants Managed Care of North America, Inc. d/b/a MCNA Dental ("MCNA, Inc.") and MCNA Insurance Company d/b/a MCNA Dental ("MCNAIC," and collectively with MCNA, Inc., "MCNA Dental" or "Defendants") move for leave to file under seal certain exhibits appended to Defendants' contemporaneously filed Brief in Opposition to Plaintiffs' Motion For Class Certification, D.E. 260 (the "Opposition"); to apply redactions to the limited portions of the Opposition that quote those exhibits or other documents that the Court already has determined could be filed under seal, *see* D.E. 232; and to apply redactions to the limited portions of certain additional exhibits appended to the Opposition that quote those exhibits or other documents that the Court already has determined could be filed under seal and/or that contain references to Plaintiffs' personally identifiable information.

The exhibits subject to this motion are listed in **Exhibit A**. These exhibits were each designated by Defendants as Confidential or Highly Confidential pursuant to the Protective Order and/or contain highly sensitive and nonpublic information regarding Defendants' investigation into and response to the cyberattack at the heart of this litigation (the "Cyberattack"), the information potentially impacted by the Cyberattack, and the Named Plaintiffs' personally identifiable information and security practices.

The Protective Order provides that a party may designate as "Confidential" documents that contain, among other categories, "personally or competitively sensitive information, including but not limited to non-public Material which contain[] or disclose[] information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a party's or non-party's business advantage if publicly disclosed" as well as "information received in confidence from third parties, and any other Material that is confidential pursuant to applicable law." D.E. 152 ¶ 2(b); *see id.* ¶¶ 2(d), 5(a).

The Protective Order likewise permits a party to designate as "Highly Confidential – Attorneys' Eyes Only" any "Confidential Information of a highly sensitive nature (*i.e.*, documents or information regarding, discussing, relating to, or reflecting pricing and business strategy documents, financial statements, sales data, profit margin data, cost and expense data, revenue information relating to specific customers or classes of customers or suppliers, non-public scientific research, contracts, and technical information related to a Party's information security and management, or other categories of information which the parties agree in writing should be [so] designated . . . , the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm.)" *Id.* ¶ 2(e); *see id.* ¶¶ 2(d), 5(a). *See also Malgeri v. Vitamins Because LLC*, 2022 WL 17583586, at *3 (S.D. Fla. Feb. 11, 2022) (sealing documents containing

"confidential, proprietary, or private" information); *Classic Soft Trim, Inc. v. Albert*, 2020 WL 6734407, at *3 (M.D. Fla. Sept. 22, 2020)  (granting motion to seal motion that reflected "highly sensitive, confidential, proprietary and trade secret materials"); *Gibson v. JetBlue Airways Corp*., 2019 WL 3310691, at *2 (M.D. Fla. July 23, 2019) (sealing material given "highly sensitive nature of the information" contained in a "case [] between private parties").

Applicable here, Defendants designated Exhibits 1-3, 3B-3D, 4-6, 10, 14, 17-18, 20, 23-24, 45-46 as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" as set forth in the Exhibit A accompanying this motion because they each contain highly sensitive and nonpublic information regarding the scope of and/or Defendants' investigation into and response to the Cyberattack; the information potentially impacted; and/or sensitive and/or nonpublic information regarding Plaintiffs' personally identifiable information, health information, and information security habits. Likewise, Plaintiffs designated Exhibits 7, 8, 9, 16, 19, 22, 27-28, 30-32, 34-35, 37-38, 40-41, 43-44 as "Confidential" because they each contain sensitive and/or nonpublic information regarding Plaintiffs' personally identifiable information, health information, and information security habits. Exhibits 3E, 12-13, 13C-13E, 36, and App. A are designated because they contain references throughout to the scope of and/or Defendants' investigation into and response to the Cyberattack; the information potentially impacted; and/or information regarding Plaintiffs' personally identifiable information, health information, and information security habits. This Court previously has sealed similar documents in this litigation for these reasons, s*ee* D.E. 169, D.E. 232, D.E. 238, D.E. 248, D.E. 254, and the same reasoning applies with here with equal force.

Accordingly, Defendants respectfully request, and Plaintiffs do not oppose, that the Court grant leave to file under seal the exhibits identified in **Exhibit A** and to apply redactions to the

Opposition and exhibits that contain references to Plaintiffs' personally identifiable information or quote this material or other documents that the Court has previously allowed to be filed under seal, *see* D.E. 232, and that this information should remain under seal and redacted through the conclusion of this case.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certify that they conferred with Plaintiffs' counsel regarding this Motion and are authorized to report that Plaintiffs do not oppose the Motion.

Dated: July 24, 2025

Respectfully submitted,

**HOGAN LOVELLS US LLP**
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Telephone:    (305) 459-6500
Facsimile:    (305) 459-6550

By: */s/  Mark R. Cheskin*
Mark R. Cheskin (FBN 708402)
Allen P. Pegg (FBN 597821)
HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
T. (305) 459-6500
F. (305) 459-6550
mark.cheskin@hoganlovells.com
allen.pegg@hoganlovells.com

Allison Holt Ryan (*pro hac vice*)
Alicia J. Paller (*pro hac vice*)
Abby Walter Gray (*pro hac vice*)
HOGAN LOVELLS US LLP

555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5901
allison.holt-ryan@hoganlovells.com
alicia.paller@hoganlovells.com
abby.waltergray@hoganlovells.com

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2025, the foregoing was filed with the Clerk of

Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By:  */s/  Mark R. Cheskin*
Mark R. Cheskin

5